13964

STATE v. HAYNES

*Messrs. Hannon & Lancaster,* for appellant,

*Messrs. J. Allen Lambright, Solicitor,* and *Claude R. Dunbar,* for respondent,

December 31, 1934.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The defendant, C. B. Haynes, was indicted in the County Court of Spartanburg County on the charge of desertion and nonsupport of his wife and four minor children. The case was tried at the December, 1933, term of said Court before Hon. M. C. Foster, Judge of said Court, and a jury, resulting in a verdict of guilty. From the judgment and sentence pronounced by the Court the defendant, pursuant

to due notice, has appealed to this Court, imputing error to the trial Judge as set forth in the following exceptions, which we shall consider together:

"1. It is respectfully submitted that his Honor erred in submitting this case to the jury under the facts and evidence before the Court, there being absolutely no scintilla of evidence sufficient for the jury to convict this defendant upon this indictment.

"2. It is respectfully submitted the County Judge erred in allowing testimony to be brought out from the witness Mrs. C. B. Haynes, as to the living conditions of her home in 1928, the evidence showing that the appellant had already been convicted of desertion and nonsupport of his wife, and only such evidence and circumstances could be brought out in testimony since that conviction.

"3. It is error of law to submit this case to the jury when it appears from the testimony of the prosecuting witness herself that she will not live with her husband nor permit her four minor unmarried children to live with him under any circumstances.

"4. It is respectfully submitted that the Court should have directed the jury to acquit the defendant, when it appears from the testimony that the prosecuting witness refuses to live with her husband or permit the children to live with him, even though he offers and provides a home for them."

At the close of the testimony on the part of the State, counsel for the defendant made a motion for a directed verdict of not guilty, on the ground, in effect, that a home had been provided for the prosecuting witness (wife of the defendant) and her children, for her and her children to go and live with the defendant and "reunite the domestic tranquility that ought to exist in every man's home," that if she would not go, under the offer made, the defendant was not liable to her for support under such circumstances.

The motion for a directed verdict for the defendant being overruled by the Court, counsel for defendant announced that the defendant had no evidence, and no evidence was offered by or on behalf of the defendant, and the main question before the Court is: Was the testimony given by the prosecuting witness (wife of the defendant) and the other witnesses for the State sufficient to take the case to the jury?

Mrs. Haynes, wife of the defendant, C. B. Haynes, in the course of her testimony stated, in substance, that she and her said husband had four minor children, all of whom are unmarried, ages 12, 10, 8, and 5, the two older being girls and the two younger being boys; that the said children are dependent upon the said C. B. Haynes for a support, but that he had not contributed anything for their support since the year 1932; that the said C. B. Haynes is an able-bodied man, capable of working for the support of herself and the said children; that without cause or excuse, he abandoned and deserted her and the said children, and failed to supply the actual necessities of life, such as clothing, food, etc., that he had not furnished anything for her and her children since January 1, 1932, that if she honestly believed that her said husband would provide a good home for her and her children and would be a proper husband and father, she would go back to him and live with him, stating that under such consideration she would regard it her duty to do so. In answer to a question if she believed that he would make such provision if she went back to him, she answered that he would not, stating that on account of his past conduct, his abuse of her and her children, and general harsh treatment, she did not believe that he would make proper provision or treat her and her children as they deserved to be treated. It also appears from what was brought out at the trial that the defendant had, prior to this time, been indicted and convicted for failure to support his wife and children and for having deserted them and that he had served on the gang as a result of his conviction, but that he

had been off the gang for some time prior to the trial of the case now before the Court, and the prosecuting witness testified, in effect, that since getting off of the gang he had not furnished her and her children a support; that he had not shown the proper interest in her and her children and so far as she could observe had made no effort to help her; that with the exception of a very short period of time when she lived with the people of her said husband, she had gotten a support for herself and children by the aid of her kindred and by the help of a charity organization; that she had also gotten help by being given work by the R. F. C. and in that way, toiling day and night, she had been able to give her children reasonable support and care. Mrs. Haynes also testified, in effect, that the defendant had asked her to leave him and let him live with another woman and that he had shown considerable interest in this other woman. She stated, further, that she had no confidence in a supposed offer to furnish her a home when he had not even contributed in any way to a support of herself and her children. She stated also, in effect, that it was not her desire to punish him or to have him serve time on the gang, but that she did want him to help support her children. The testimony is subject to a reasonable inference that her life would be in danger if she undertook to live with him, and to the further inference that the defendant does not live a proper life.

As to the contention that the Court, during the trial, should not have permitted testimony regarding facts prior to the first conviction of the defendant, we think his Honor committed no error in admitting such testimony by the wife for the purpose of showing that the defendant's conduct had been such during that period of time that it was dangerous for her to live with him and tended to show that she was justifiable in refusing to agree to take her children and go back to him. If she was afraid to undertake to live with her husband again, for fear of losing her life or receiving serious bodily harm, it was prop-

er for her to relate what had taken place in his treatment of her and her children during the several years referred to and what had been his conduct when she lived with him, for the purpose of showing that her fears were well founded. It affirmatively appears from the record that Mrs. Haynes is a woman possessed of the highest character.

While we have not discussed herein every position ■ pressed by appellant, we have carefully considered the entire record, and it is our opinion that the trial Judge committed no prejudicial error, and, further, that the verdict is well supported by the record.

It is, therefore, the judgment of this Court that the judgment of the lower Court be, and the same is hereby, affirmed.

MESSRS. JUSTICES STABLER and BONHAM and MR. CIRCUIT JUDGE DEWEY OXNER, ACTING ASSOCIATE JUSTICE, concur.